# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00532-CR

**Earl Marshall, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 2040343, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Earl Marshall was convicted at a bench trial for delivering less than a gram of cocaine. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2003). He was sentenced to six months in state jail. He now contends that he did not knowingly and voluntarily waive his right to trial by jury. We will affirm the conviction.

On April 7, 2004, between witnesses at appellant's trial, the court called counsel to the bench and told them that there was no written jury waiver in the court's file. *See* Tex. Code Crim. Proc. Ann. art. 1.13(a) (West 2005) (jury waiver must be in writing). Counsel for the State informed the court that a waiver had been executed during arraignment, which had been before a different judge. After appellant and his counsel conferred off the record, appellant signed another jury waiver and trial continued. Appellant now argues that under these circumstances, this waiver was not knowingly and voluntarily made.

We need not address this question, because the clerk's record contains the written jury waiver signed by appellant, his attorney, and the prosecutor, and approved by the court, on March 12, 2004, the date of arraignment. This waiver fully complies with the requirements of article 1.13 and reflects a knowing and voluntary waiver of the right to a jury trial.

The point of error is overruled and the judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   September 29, 2005

Do Not Publish